487 F.2d 223
 Jeffrey HART et al., Plaintiffs-Appellants,
v.
The COMMUNITY SCHOOL BOARD OF BROOKLYN and New York School
District #21, et al., Defendants-Appellees, Doctor Harvey
Scribner, Chancellor of the Board of Education of the City
of New York, Defendant-Appellee.
 No. 405, Docket 73-2290.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 26, 1973.
Decided Nov. 2, 1973.
 
 James I. Meyerson, New York City (Nathaniel R. Jones, N.A.A.C.P., Leo Shapiro, Kirschenbaum & Shapiro, New York City, on the brief), for plaintiffs-appellants.
 Hyman Bravin, New York City, for defendants-appellees Community School Board and others.
 Before SMITH, FEINBERG and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 This litigation comes to us in a curious posture. Plaintiffs, who are students and parents, brought suit over a year ago in the United States District Court for the Eastern District of New York against the Community School Board of Brooklyn, its members, and the Chancellor of the Board of Education of the City of New York, claiming that these defendants were sanctioning a racially unbalanced and under-utilized school, Mark Twain Junior High School # 239. There have been voluminous proceedings below, including a partial trial on the merits of plaintiffs' application for permanent injunctive relief and backing and filling by plaintiffs as to whether they were pressing a motion for preliminary injunctive relief. The latter culminated in a hearing on July 13, 1973, on plaintiffs' renewed motion for a preliminary injunction, and in a written order denying the motion, dated July 23, 1973, which refers to an oral opinion of the court. Although we have been favored with six volumes of an appendix, containing 2,941 pages, neither party prior to argument saw fit to furnish us with the transcript containing that oral opinion.
 
 
 2
 It is now obvious from an examination of the briefs, the various appendices and the transcript of the July 13 hearing that the district court failed to make necessary findings of fact and conclusions of law in denying the motion for a preliminary injunction. Accordingly, we remand for that purpose. We are informed that the district court has set December 10 for a continuation of the full trial on the merits, and hopes to have the case decided by the end of the year. We would applaud such expedition, and nothing in this opinion should be regarded as encouraging any delay in that schedule or in preventing a consolidation under Fed.R.Civ.P. 65(a)(2) of all or part of the hearing on preliminary relief, which is the subject of this appeal, with the trial on the merits for permanent relief.[1]
 
 
 3
 Case remanded.
 
 
 
 [1]
 Should the trial occur within the time limit set forth above, it might then be unnecessary to proceed with findings of fact and conclusions of law on the motion for preliminary relief